AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

United States of America )
v. )
LAWRENCE BRADLEE HOUGHTON ) Case No. 11-8087-LRJ
)
)
)

FILED by ___ D.C.
MAR 18 2011
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of  March 16, 2011 to March 18, 2011  in the county of  Palm Beach  in the
Southern District of  Florida , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) 18 USC 924(c) 21 USC 841(a)(1) | Possession of a firearm by a convicted felon; possession of a firearm during and in the relation to a drug trafficking offense; and illegal possession of Methadone and Oxycodone, schedule II controlled substances, with the intent to distribute. |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
*Complainant's signature*

PAUL BRUNO, TFO, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 3-18-11

_____
*Judge's signature*

City and state:  West Palm Beach, Florida   LINNEA R. JOHNSON, U. S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Paul Bruno, being duly sworn on oath, deposes and states as follows:

1. I am a Task Force Agent with the Federal Bureau of Investigation ("FBI") in Palm Beach, Florida, and have been so assigned since October, 2008. I am currently employed by the Jupiter Police Department assigned to the FBI Safe Streets Task Force and my responsibilities include the investigation of felonies involving narcotics and firearms.

2. All of the information contained in this affidavit is the result of my own investigation, or has been provided to me by other law enforcement sources, whom I believe to be reliable.

3. This affidavit is being submitted for the purpose of establishing probable cause that Lawrence Bradlee HOUGHTON, who did knowingly possess firearms and ammunition as a convicted felon in violation of Title 18, United States Code, Section 922(g), drug trafficking in violation of Title 21, United States Code, Section 841(a)(1) and possession of a firearm during the course of a drug trafficking offense. Because this affidavit is being submitted for the limited purposes of establishing probable cause for an arrest, it does not include each and every fact known to me regarding this investigation.

5. On March 12, 2011 Task Force Agent Paul Bruno, hereinafter Affiant, received information from a past proven reliable confidential source, hereinafter CS1, that Lawrence **HOUGHTON** was in possession of five firearms as well as prescription narcotics inside of **HOUGHTON's** Palm Beach Gardens residence. CS1 told your Affiant that on March 11, 2011 CS1 was at **HOUGHTON's** residence at which time **HOUGHTON** displayed three firearms to CS1 that were located on **HOUGHTON's** person. CS1 described the firearms as a larger, semi-automatic black handgun and a

smaller silver semi-automatic handgun. The firearms were taken out from the front and rear waistband of **HOUGHTON**. CS1 was then showed a third handgun but could not tell the make or type. **HOUGHTON** led CS1 to the kitchen area where **HOUGHTON** displayed two more handguns to CS1 that appeared to be older revolvers. CS1 then observed **HOUGHTON** place the black semi-automatic handgun in a back bedroom inside a computer table. **HOUGHTON** also displayed approximately 100 units of 30mg oxycodone to CS1 that were located on **HOUGHTON's** person while inside the residence. At the time CS1 provided the information to your Affiant, CS1 could not provide the address where CS1 met with **HOUGHTON**, however CS1 described the location of the neighborhood and street of 9278 Bloomfield Drive Palm Beach Gardens, FL.

6. On March 12, 2011 your Affiant conducted Driver's License, FCIC/NCIC, and PALMS checks for Lawrence **HOUGHTON** and identified Lawrence Bradlee **HOUGHTON**, date of birth 06/05/1968, residing at 9278 Bloomfield Drive, Palm Beach Gardens FL. The criminal history check resulted in a summary of 28 felony charges, 19 misdemeanor charges, and 6 total felony convictions. Several of **HOUGHTON's** charges were related narcotics trafficking and possession. A certified conviction for felony attempted burglary of a structure was obtained from the State of Florida 15th Judicial Curcuit. The conviction was dated August 8, 2005 under court case number 05CF002045A02.

7. On March 13, 2011 your Affiant met with CS1 and showed a driver's license photo of **HOUGHTON** to CS1. CS1 positively identified the photo as Lawrence Bradlee **HOUGHTON**, date of birth 06/05/1968. CS1 then drove with your Affiant to 9278 Bloomfield Drive Palm Beach Gardens where CS1 positively identified the residence as

**HOUGHTON's**, and where CS1 was shown the narcotics and firearms on March 11, 2011.

8. On March 14, 20011 your Affiant met with CS1 and another past proven reliable confidential source, hereinafter CS2, to place a recorded call to **HOUGHTON**. Prior to placing the call, CS2 advised that CS2 also observed **HOUGHTON** with a firearm on March 11, 2011 at the residence. At the direction of agents, CS2 placed a recorded call to **HOUGHTON's** home telephone number at 561-691-8928 and asked **HOUGHTON** if CS1 and CS2 could come over to **HOUGHTON's** residence. During the call, **HOUGHTON** stated he had "dones" if CS2 was interested. Based on training and experience, your Affiant knows the term "dones" to be common street terminology for Methadone pills. CS1 and CS2 were provided FBI evidence purchase funds and sent to **HOUGHTON's** residence. While enroute, CS2 received a call from an unknown third party advising not to go to **HOUGHTON's** residence due to the police possibly being called there for a fight. Your Affiant had CS2 place another recorded call to **HOUGHTON** at which time stated it was not a good time to come to the residence. **HOUGHTON** told CS2 that a female known as Melanie LNU had conducted a transaction and gave the customer counterfeit money and the issue was causing **HOUGHTON** problems.

9. On March 15, 2011 agents met with CS1 in an effort to facilitate a purchase of narcotics from 9278 Bloomfield Drive Palm Beach Gardens, FL. CS1 and CS1's vehicle were searched for contraband and CS1 was given $50.00 in evidence purchase funds. CS1 was followed by agents directly to 9278 Bloomfield Drive and was observed by your Affiant meeting with **HOUGHTON**. CS1 was equipped with a digital recording device and entered **HOUGHTON's** residence. While inside, CS1 purchased nine Methadone 10mg pills with inscription 54/142. A later check of the pills through Poison Control confirmed

the pills as Methadone 10mg (Schedule II narcotic). During the meeting, CS1 and **HOUGHTON** discussed the caliber and types of the firearms shown to CS1 on March 11, 2011. **HOUGHTON** removed a silver, semi-automatic handgun from his right front pocket and told CS1 it was a .22 caliber that was more powerful than a 9mm. **HOUGHTON** and CS1 then discussed the firearm in comparison to other caliber weapons. There was an unknown male in the residence during the meeting that offered marijuana to CS1 prior to CS1 leaving. Upon CS1 leaving the residence, agents folllowed CS1 directly back to a meeting location and obtained the narcotics and recording device. CS1 provided $10.00 change to your Affiant for the drug transaction.

10. On March 16, 2011 the Honorable Linnea Johnson, United States Magistrate for the Southern District of Florida, issued a search warrant based on the above stated facts for **HOUGHTON's** residence located at 9278 Bloomfield Drive in Palm Beach Gardens, Florida. The items to be seized in the search warrant included firearms, narcotics, or any money and papers associated with the sale of narcotics. On March 18, 2011 members of the FBI executed the search warrant at 9278 Bloomfield Drive at which time **HOUGHTON** was detained in the living room. **HOUGHTON** was the sole occupant of the residence at the time the warrant was executed.

11. Your Affiant read Miranda warnings to **HOUGHTON** from a FBI Advise of Rights form in the presence of another agent. **HOUGHTON** stated he understood his rights and agreed to answer your affiant's questions without a lawyer present. **HOUGHTON** told your Affiant he has been selling narcotics from the residence, specifically oxycodone and methadone. **HOUGHTON** told your affiant that he was just released from a 20 day jail sentence, and since his release he had been selling oxycodone and methadone. **HOUGHTON** stated he obtains oxycodone by "sponsoring"

people to go to the doctor. **HOUGHTON** stated that he no longer "doctor shops," however he pays for other people's doctor visits and receives a portion of their prescription in return. **HOUGHTON** said he pays $6.00 per pill and sells them for $12.00 per pill to support his drug habit. **HOUGHTON** stated there were firearms inside of the residence that belong to his father. **HOUGHTON** admitted knowledge of being a convicted felon. **HOUGHTON** stated he lives alone at the residence, however his father stays at the residence periodically. **HOUGHTON** stated he has possessed the firearms on his person on at least two occasions in the past week. **HOUGHTON** said he carried a firearm on his person and displayed a firearm to a customer during a narcotics transaction a few days ago. **HOUGHTON** told your affiant he did so to intimidate the customer so the customer would not consider "robbing him" and taking his narcotics at some future time.

12. **HOUGHTON** provided to agents the locations of firearms and narcotics within the residence. **HOUGHTON** stated there was a handgun in the safe in his bedroom, as well as another handgun under a mattress in his other bedroom. **HOUGHTON** explained he utilizes both bedrooms to sleep. **HOUGHTON** provided the combination to the safe where one of the firearms as well as numerous rounds of ammunition were located. **HOUGHTON** stated there was methadone and marijuana located in the residence.

13. Agents conducted a search of the residence and seized the following items: a black, semi-automatic .380 caliber I.O. Inc. handgun (serial 03758), loaded with six rounds of ammunition, located under the mattress of **HOUGHTON's** bed. In another bedroom occupied by **HOUGHTON**, agents discovered two safes in the bedroom closet adjacent to one another. One safe contained a silver, .22 caliber Walther semi-automatic handgun (serial T012926) loaded with six rounds of ammunition. A

computer check of the handgun revealed that the handgun was entered into FCIC/NCIC as stolen. The handgun was reported stolen to the Palm Beach County Sheriff's Office on June 15, 2010 under case number 10-088716. Also located in the safe were an additional 42 rounds of .380 caliber ammunition, 90 rounds of .22 caliber ammunition, 5 rounds of 410 gauge shotgun slug ammunition, and 25 rounds of 410 gauge shotgun buckshot ammunition. Inside the adjacent safe, agents discovered two prescription bottles containing 293 methadone pills along with $805.00 in United States currency. In the kitchen freezer agents discovered a bag containing 18.8 grams of what appeared to be marijuana.

14. Based on the foregoing facts, your affiant submits that probable cause exists to believe that Lawrence **HOUGHTON** did knowingly possess firearms as a convicted felon

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
Paul Bruno
Task Force Agent
Federal Bureau of Investigation

Sworn and subscribed before me this
____18____ day of March, 2011.

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-8087-LRJ

UNITED STATES OF AMERICA

v.

LAWRENCE BRADLEE HOUGHTON,

Defendant

_____/

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  _____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  _____ Yes __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY: _____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0739472
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel: (561) 820-8711
Fax: (561) 820-8777
Ellen.Cohen@usdoj.gov